United States District Court
For the Northern District of California

*E-Filed 4/5/12*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

AURORA LOAN SERVICES, LLC,

    Plaintiff,

  v.

MICHAEL T O'BRIEN, JILL WAGNER O'BRIEN, and DOES 1 through 25, inclusive,

    Defendants.

No. C 12-00860 RS

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING PLAINTIFF'S REQUEST FOR ATTORNEY FEES**

## I. DISCUSSION

Plaintiff Aurora Loan Services moves to remand this case to the Contra Costa Superior Court for lack of federal subject matter jurisdiction and further seeks an award of reasonable attorney fees and costs. On October 11, 2011, plaintiff filed this unlawful detainer action in the Contra Costa Superior Court. Defendant Michael O'Brien subsequently removed on the basis of diversity of citizenship. Even assuming that defendant's contentions as to the parties' respective citizenships and the amount in controversy are supportable, O'Brien is a citizen of California. The removal therefore contravenes the provision of 28 U.S.C. § 1441(b) that precludes removal where any defendant is a citizen of the state in which the action was brought (the "no local defendant rule"). Removal in violation of the "no local defendant rule," however, is a waivable defect, which, absent objection by the plaintiff, does not preclude the federal court from exercising jurisdiction. Here, by filing its timely motion to remand, plaintiff has properly preserved its objection to the

violation of the "no local defendant" rule. As there are no grounds for jurisdiction over this action in this Court, the motion to remand is granted.

Plaintiff also requests $2,400.00 in attorney fees and costs, arguing that 28 U.S.C § 1447(c) provides that courts "may require payment of just costs ... including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Such payment, however, is not automatic. *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 136-37 (2005). In fact, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Id.* at 136. Here, plaintiff contends defendant only filed for removal in order to delay plaintiff's possession of the subject property. O'Brien disputes this contention in his opposition to the motion to remand, insisting that he removed the case in order to promote judicial economy. Based on the limited record provided, the Court cannot conclude that defendant's removal was "objectively unreasonable." *Id.* at 136, 141. "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). Accordingly, plaintiff's request for attorney fees is denied.

The matter is hereby remanded to Contra Costa Superior Court. Pursuant to Civil Local Rule 7-1(b), plaintiff's motion to remand is suitable for disposition without oral argument, and the hearing set for April 26, 2012 is vacated.

IT IS SO ORDERED.

Dated: 4/5/12

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE